## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JIMMIE W. DAVIS, individually
and as TRUSTEE of the JIMMIE W.
DAVIS REVOCABLE TRUST,

      Plaintiff,

v.

                                 Case No. 10-CV-883 JEC/WPL

ST. ANSELM EXPLORATION COMPANY,
a Colorado Corporation, ANNA M.R. WELLS
and MARK PALMER,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on prospective intervenors' (Tony Pino, Tony Flores and Stephen Moffatt ("Applicants")) *Motion and Memorandum to Intervene*, filed April 27, 2011 (Doc. 48) and *Motion for Preliminary Injunction*, filed April 27, 2011 (Doc. 49). Having reviewed the pleadings, the governing authority, and being otherwise fully informed, the Court finds that the Applicants' *Motion and Memorandum to Intervene* is not well-taken and will be denied, and their *Motion for a Preliminary Injunction* will be denied as moot.

## I.    <u>Background</u>

Jimmie W. Davis ("Plaintiff") has brought a breach of contract action, individually and as trustee of the Jimmie W. Davis Revocable Trust ("the Trust"), to recover on two promissory notes executed by St. Anselm Exploration Co. ("Defendant"). *See* Complaint. On April 27, 2011, the Applicants moved to intervene, stating that they have a significant protectable interest in the case as noteholders and creditors of Defendant, which interest will be harmed should

Defendant pay Plaintiff the amount of the promissory notes and related damages, either through settlement or judgment, ahead of them and other noteholders.  *See* Memorandum and Motion to Intervene ("Motion") at 2.  The Applicants seek intervention as of right, under Rule 24(a)(2) of the Federal Rules of Civil Procedure or, alternatively, permissive intervention, under Rule 24(b) of the Federal Rules of Civil Procedure.  Proposed Complaint at 4, 9.

The Applicants set forth three claims for relief in their proposed complaint: a breach of duty claim against Defendant; a claim against Plaintiff for aiding and abetting Defendant in breaching its duty; and a claim for preliminary and permanent injunction against both Defendant and Plaintiff.  *See* Motion, Ex. A.[1]  In their proposed complaint, the Applicants allege that Defendant is insolvent or in the "zone of insolvency," and that if its members and managers were required to pay Plaintiff preferentially as a result of this lawsuit, such payment would be in breach of their fiduciary duty not to prefer any creditors over others.  Proposed Compl. at 9.  The Applicants further allege that Plaintiff would be aiding and abetting Defendant by taking "actions that have as their natural consequence forcing or pressuring [Defendant] to make preferential payments to Plaintiffs in violation of the fiduciary duty owed by [Defendant] and its owners and managers."  *Id*.  On May 16, 2011, Plaintiff responded that the Applicants' request for intervention must be denied because they cannot demonstrate a cognizable, legal interest in the subject of this lawsuit nor meet the other requisites of intervention.  *See* Plaintiff's Response in Opposition to Motion and Memorandum to Intervene ("Response") at 2.

---

[1]The Applicants have subsequently requested that the Court defer consideration of their Motion for a Preliminary Injunction until their request for intervention is ruled upon.  *See* Reply in Support of Motion to Intervene ("Reply") at 1.

## II.   **Legal Standard**

Rule 24 of the Federal Rules of Civil Procedure provides for intervention of right or permissive intervention on timely application.  Fed. R. Civ. P. 24 (a) and (b).  Intervention of right requires: an interest in the subject matter of the litigation; a showing that impairment of the movant's legal interest is possible if intervention is denied; and a showing that the existing parties to the litigation will not adequately represent the movant's interest.  *See* Fed. R. Civ. P. 24(a)(2).  Permissive intervention requires a showing that the "applicant's claim or defense and the main action have a question of law or fact in common," and consideration of "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Wheeler Peak v. L.C.I.2, Inc*., 2009 WL 5217999, *3 (D.N.M. 2004).  The determination of whether to grant permissive intervention is within the sound discretion of the trial court.  *See Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992) (citing *Shump v. Balka*, 574 F.2d 1341, 1345 (10th Cir. 1978).

Intervention also "'presupposes that the applicant has a right to maintain a claim for the relief sought.'"  *Lucero v. City of Albuquerque*, 140 F.R.D. 455, 457 (D.N.M. 1991) (quoting *N.L.R.B. v. Miscellaneous Drivers & Helpers Union, Local No. 610*, 440 F.2d 124, 132 (8th Cor.), *cert. denied, Sears, Roebuck & Co. v. Solien*, 403 U.S. 905 (1971)).  Thus, the "first step in determining whether to permit intervention is to establish the validity of the proposed intervenor's claims." *Id.*  "Obviously, if the proposed complaint-in-intervention does not state a valid claim for relief, the motion must be denied."  *Id*. (citing *Diehl v. United States*, 438 F.2d 705, 711 (5th Cir.), *cert. denied*, 404 U.S. 380 (1971); *Braniff Airways, Inc. v. Curtiss-Wright Corp*., 411 F.2d 451, 455 (2d Cir.), *cert. denied*, 396 U.S. 959 (1969); *Donson Stores, Inc. v. American Bakeries Co.*, 58 F.R.D. 481, 485 (S.D.N.Y. 1973); 7C WRIGHT, MILLER & KANE,

FEDERAL PRACTICE & PROCEDURE, *supra* n. 1, at § 1914 (1986) (proposed pleading must

state a valid claim for relief).

    **III.**   <u>**Analysis**</u>

    Colorado statutory law defines the scope of liability of a director or officer of a

Colorado corporation to a creditor.[2]   Under Colorado law, a director or officer of a corporation,

in the performance of the duties of that office, does not have a duty to any creditor of the

corporation arising only from the creditor's status as a creditor.  *See* Colo. Rev. Stat. Ann. § 7-

108-401(5) (directors and officers of a corporation do not have a general fiduciary duty to

creditors).  Colorado courts, without applying this statute, have determined that directors and

officers have a limited duty, based on common law, to avoid favoring their own interests over

---

    [2] Applicants assert, and Plaintiff does not dispute, that the corporate fiduciary law of the subject company's state of incorporation, which is Colorado, should be applied.  See Motion at 6, Response at 3.  Diversity courts must apply the choice-of-law rules of the forum state.  *Klaxon Co. v. Stentor Electric Mfg.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).  Although the parties did not cite to any New Mexico cases dealing with choice of law questions for actions by creditors filed in New Mexico related to foreign corporations, the court in *In re Cook*, 2009 W.L. 2913241 Bkrtcy. D.N.M. 2009) (unpublished) analyzed the choice of law question for derivative actions filed in New Mexico relating to foreign corporations and came to the same conclusion.  *Id*. at 3 (New Mexico's choice of law for cases dealing with a creditor's claim against a foreign corporation would be the law of the state where the corporation is incorporated).  In making its determination, the court relied on the fact that New Mexico generally follows <u>The Restatement (Second) of Conflicts of Laws § 309</u>, which states that the "local law of the state of incorporation will be applied to determine the existence and extent of a director's or officer's liability to the corporation, its creditors and shareholders, except where, with respect to the particular issue, some other state has a more significant relationship ... to the parties and the transaction, in which event the local law of the other state will be applied."  *Id*.  The Court agrees that Colorado law is the proper law to apply.  Defendant is incorporated in Colorado, has its principal place of business there, and the subscription agreements for promissory notes executed by Defendant and provided to Plaintiff, state that the agreements shall be governed by Colorado law.  Accordingly, even if the Court were to make an independent assessment of which law to apply based on the most significant contacts, Colorado law would be the appropriate choice.

any claims a creditor might have.[3]  *Alexander v. Anstine*, 152 P.3d 497, 498 (Colo. 2007).  This

limited duty only arises upon, and requires a finding of, insolvency at the time of distributions,

or a determination that the corporation would become insolvent as a result of the distributions.

*Id.; Paratransit Risk Retention Group Ins. Co. V. Kamins*, 160 P.3d 307, 308 (Colo.App. 2007).

In their proposed complaint, the Applicants allege that Defendant is insolvent, or within

the "zone of insolvency," but do not allege that any of Defendant's directors or officers have

favored their own interests over the interests of the creditors.  *See* Motion, Ex. A.  Plaintiff

responds that intervention should be denied because the Applicants cannot demonstrate that

Defendant is insolvent and have not alleged that Defendant's directors and officers engaged in

self-interested transactions.  Response at 10-14.

The Applicants disagree that the scope of duties owed to creditors is so limited, relying

on *In re MS55, Inc*., 2008 WL 2358699, at *3 (D. Colo. June 6, 2008) (unpublished), for the

proposition that a duty also exists not to favor one class of creditors over another.  Reply at 7.

The Applicants' reliance on *In re MS55* for this proposition is misplaced. In *In re MS55, Inc.,* the

court did address the right of a judgment lien creditor, under both Colorado and Delaware law

and pursuant to § 544(a) of the Bankruptcy Code, to bring an action for breach of fiduciary duty

against a corporation's officers, directors and attorneys.  *Id*., *2-*3.  However, in *In re MS55*,

420 B.R. 806, 819 (Bank. D. Colo. 2009), the bankruptcy court subsequently addressed a claim

_____

[3]This common law duty, identified in *Alexander v. Anstine*, "arguably conflicts with § 7-108-401(5), C.R.S. 2009." *McCallum Family, L.L.C. v. Winger*, 221 P.3d 69, 79-80 (Co. App. 2009), citing *Alexander*, 152 P.3d at 298.  "In *Alexander*, the supreme court expressed 'no opinion on whether [the 2006 amendment to the statute] applies where a corporation is insolvent.'" *Id.* (citing *Alexander* at 502 n.9). The court in *MaCallum*, "assum[ed], without deciding, that the common law principles noted in *Alexander* would apply to impose ... a duty to creditors once the corporation became insolvent."  *Id.*  The Court will similarly assume, without deciding, that the common law duty will also apply to this case.

by creditors against a law firm for aiding and abetting a breach of a fiduciary duty by causing the corporation to make a preferential transfer to one of the creditors over the interests of the others. The Court held that, under Colorado law, there was no duty owed because the directors in the case did not prefer themselves over other creditors, but instead attempted to resuscitate the corporation by putting money into the company for the sake of all the corporate stakeholders, including the general creditors. *In re MS55*, 420 B.R. at 822-824. The court then concluded that in the absence of a breach of such a duty, a claim of aiding and abetting an alleged breach also must fail. *Id*.

The Applicants have not alleged that Defendant's directors or officers have divested corporate property for their own benefit at the expense of creditors. Absent an allegation that the directors or officers have favored their own interests over creditors, there is no duty. *See In re MS55* 420 B.R. at 822. Because the Applicants have not alleged facts triggering the existence of a duty, they also fail to state a valid claim for relief against Plaintiff for aiding and abetting the alleged breach of such a duty. *Id*. For this reason, the Applicants' complaint in intervention does not state a valid claim for relief against a party in this case, and the Court must deny the motion to intervene.

Even if the Applicants were to amend their complaint in intervention to state a valid state law claim for relief, they have not established that they are entitled to intervention as of right under Rule 24(a)(2). The Applicants invite the Court to speculate that should Defendant receive a judgment against it or settle this matter, it may become insolvent and unable to pay its creditors. However, this scenario still does not establish that intervention would enable the Applicants to protect their interests because under Colorado law, even when a corporation is insolvent and in bankruptcy, creditors are not entitled to bring breach of duty claims, under

6

common law, including aiding and abetting, absent a showing that the directors and officers favored their own interests over the creditors. *See In re MS55,* 420 B.R. at 822. Thus, even assuming a judgment in favor of Plaintiff or a settlement, neither scenario supports the Applicants' assertion that intervention is necessary to protect their interests. The Applicants have also failed to establish that resolution of this action would prevent them from asserting any such claims in a separate action. Accordingly, the Applicants cannot demonstrate under Rule 24(a) that they are so situated that disposition of this action may impair their ability to protect their interests.

The Applicants also fail to demonstrate that they should be granted permissive intervention under Rule 24(b). For the reasons stated above, their claims of breach of fiduciary duty and aiding and abetting such breach have questions of law and fact not common to the present action. Further, creditors of a party to an action do not have a right to intervene merely because they may have an indirect interest in the outcome of the action. *Lubowicki v. Travelers Ins. Co.*, 8 A.2d 842, 847 (N.J. Dist. Ct. 1939) (citations omitted) (the mere fact that a party, for or against whom a judgment may go, may become more or less able to satisfy some obligations, will not entitle his or her creditor to intervene in the action) (citation omitted); *Tonkonogy v. Levin et al.*, 162 A. 315, 317 (Pa. Super. Ct. 1932), (permitting ordinary creditors the right to intervene would be equivalent to saying that any creditor of a plaintiff in a suit for money might intervene, and would lead to confusion, complications in the case, and development of a "multifariousness of parties and causes of action.") Though the Applicants may have an indirect interest in the outcome of this action, permitting them to intervene would complicate the case and interject new and different controversies into Plaintiff's cause of action, contrary to the strictures of intervention. For these reasons, and because the proposed complaint in intervention

7

fails to state a valid claim for relief, the Court declines to allow permissive intervention under Rule 24(b).

For the reasons set forth above, the Applicants' proposed complaint in intervention does not state a valid claim for relief and their request for intervention must be denied.

WHEREFORE,

I.    **IT IS ORDERED** that the Applicants' *Motion and Memorandum to Intervene*, filed April 27, 2011 (Doc. 48) is **DENIED**;

II.    **IT IS FURTHER ORDERED** that the Applicants' *Motion for Preliminary Injunction*, filed April 27, 2011 (Doc. 49) is **DENIED** as moot.

Dated October 3, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
     Richard H. Cravens, IV
     Eaton Law Office PC
     Albuquerque, NM

Attorneys for Defendant:
     Josh A. Harris
     Beall & Biehler
     Albuquerque, NM

     Eric Liebman
     David P. Howell
     Moye White LLP
     Denver, CO

Attorney for Prospective Intervenors
     J. Edward Hollington
     Albuquerque, NM

8