IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JIMMIE W. DAVIS, individually,
and as TRUSTEE of the JIMMIE W. DAVIS
REVOCABLE TRUST,

    Plaintiff,

v.                                                                                        No. 10-CV-883 JEC/WPL

ST. ANSELM EXPLORATION CO.,
a Colorado corporation, ANNA M.R.
WELLS, and MARK PALMER,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION TO AMEND**

**THIS MATTER** comes before the Court on *Plaintiff's Supplemental Brief in Support of Motion for Summary Judgment* (Doc. 92), *Defendant's Motion for Leave to File Amended Answer* (Doc. 97), *Plaintiff's Second Supplemental Brief in Support of Motion for Summary Judgment* (Doc. 134), and *Plaintiff's Motion to Strike Unsupported Valuation of Real Property by Defense Counsel and to Strike Expert Report* (Doc. 116).  Having reviewed the pleadings, the governing authority and being otherwise fully informed, the Court finds that Plaintiff's Motion for Summary Judgment is not well-taken and will be denied, Defendants' Motion to Amend is well-taken and will be granted, and Plaintiff's Motion to Strike will be denied as moot.

**I.**    **Background**

    **A.**    **Factual and Procedural Background**

Jimmie W. Davis ("Plaintiff") filed this breach of contract action, individually and as trustee of the Jimmie W. Davis Revocable Trust ("the Trust"), to recover on two promissory notes ("Notes") executed by Defendant St. Anselm Exploration Company ("St. Anselm") and

personally guaranteed by Defendants Anna Wells ("Wells") and Mark Palmer ("Palmer'). *See* Amended Complaint (Doc. 16). St. Anselm, Wells, and Palmer (collectively, "the Defendants") have admitted that St. Anselm breached the terms of both Notes, and that each Defendant is jointly and severally liable for the principal, interest, and cost of collection on both Notes. *See* Defendants' Answer to Amended Complaint (Doc. 18) at 5-6, ¶¶ 25-26.

On February 3, 2011, Magistrate Judge William P. Lynch entered a Stipulated Order Staying Proceedings. Doc. 20. On February 16, 2011, Plaintiff filed a Motion for Judgment on the Pleadings. Doc. 23. On March 2, 2011, Defendants responded that Plaintiff may have misrepresented that the Trust was an "accredited investor" under 17 C.F.R. § 230.501, and that St. Anselm only issued promissory notes to accredited investors so that it could be exempt from registration under federal and state securities laws.[1] Doc. 26 at 5. Federal securities laws provide that a trust must have "total assets in excess of $5,000,000" to be an accredited investor. 17 C.F.R. § 230.501(a)(7). Defendants requested discovery to determine whether Plaintiff "made a material misrepresentation [as to the net worth of the Trust] to induce Defendants to execute the [Notes] and breached certain warranties in the Subscription Agreement." *Id*. Defendants further alleged that despite Plaintiff's sworn statements on two separate purchaser questionnaires and subscription agreements (collectively, the "Subscription Booklets") that the Trust was an accredited investor, with the requisite $5,000,000 in assets, Plaintiff was unable to demonstrate that the Trust had such net worth. *Id*. at 5-7.

Relying on SEC No-Action Letters, Plaintiff responded that because he was the only grantor of the Trust and had a net worth in excess of $1,000,000, the Trust was accredited and

---

[1] "15 U.S.C. § 77(e), which requires sellers and buyers of securities to file a federal registration statement, does not apply to 'transactions involving offers or sales by an issuer solely to one or more accredited investors' if certain other requirements are met." Doc. 77 at 2 (citing 15 U.S.C. § 77(e)).

discovery was unnecessary. Doc. 77 at 9. Federal securities laws provide that "any natural person" is an accredited investor if his "individual net worth, or joint net worth with that person's spouse, at the time of purchase exceeds $1,000,000 … " 17 C.F.R. § 230.501(a)(5). The Magistrate Judge permitted discovery because Plaintiff had not provided admissible evidence as to either his net worth or that of the Trust, adding that although SEC no-action letters may have persuasive value, they are not binding on federal courts. *Id.* at 10. The Magistrate Judge also rejected Plaintiff's assertion that he did not represent that the Trust had more than $5,000,000 in assets in the Subscription Booklet. Doc. 77 at 11. The Magistrate Judge noted that while Plaintiff represented the net worth of the Trust to be more than $1,000,000 in assets, "he also indicated that the Trust was an accredited investor due to net worth, which is what Defendants allege might be a misrepresentation." *Id.* at 11.

Thus, on July 8, 2011, the Magistrate Judge converted Plaintiff's Motion for Judgment on the Pleadings into a Motion for Summary Judgment and held it in abeyance to allow Defendant limited discovery regarding "whether the Trust met the definition of an "'accredited investor' when Davis completed the Subscription Booklet" and to allow Plaintiff to "conduct narrow discovery into the Defendants' assertions that St. Anselm issued promissory notes only to accredited investors and would not have issued notes to the Trust if it had known that the Trust was not accredited." Doc. 77 at 8, 13, 16-17.

Plaintiff filed his *Supplemental Brief in Support of Motion for Summary Judgment*, and Defendants responded that Plaintiff failed to provide the requested discovery. On June 29, 2012, Judge Lynch partially granted the Defendants' Motion to Compel, ordering production of

discovery and permitting supplemental briefing.  *See* Order (Doc. 132).   Plaintiff subsequently filed his *Second Supplemental Brief in Support of Motion for Summary Judgment*.

### B. Statutory and Regulatory Background

The Securities Act of 1933 regulates public offerings of securities, prohibiting offers and sales of securities which are not registered with the Securities and Exchange Commission (the "SEC") unless exempted from registration in accordance with the Act.  Under SEC Regulation D, 17 C.F.R. §§ 230.501-230.508, the term "accredited investor" refers to a specific category of individuals or entities that may purchase unregistered securities.  "Regulation D promulgated by the SEC provides a 'safe harbor' from the registration provisions of Section 5 of the 1933 Act." 17 C.F.R. § 230.500-506.  Section 230.501(a) defines the term "accredited investor" to include the following categories of investors:

> (5) Any natural person whose individual net worth, or joint net worth with that person's spouse, at the time of his purchase exceeds $1,000,000;
>
> (7) Any trust, with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the securities offered, whose purchase is directed by a sophisticated person as described in Rule 506(b)(2)(ii); and
>
> (8) Any entity in which all of the equity owners are accredited investors.

17 C.F.R. § 230.500.1(a).

The SEC has issued an interpretive letter ("no-action letter") stating that a revocable trust, with a single grantor who is the sole source of funds for the trust, will be considered an accredited investor under Rule 501(a)(8).  *See* Herrick, Feinstein LLP, 2001 WL 15831 (January 5, 2001); *see also* Lawrence B. Rabkin, Esq., 982 WL 30405 (July 6, 1982) (where the grantors of a

revocable trust are accredited investors under Rule 501(a)(5) (in that they possess a net worth in excess of $1,000,000) and the trust may be amended or revoked at any time by the grantors, the trust as a legal entity would be deemed not to exist, and the trust would be deemed accredited, because the grantors would be deemed the equity owners of the trust).

## II.     Undisputed Facts

On October 1, 2009 and October 3, 2009, St. Anselm executed two Promissory Notes ("Notes") promising to pay Plaintiff, as the Trustee, 20% interest each month beginning on November 1, 2009, on principal amounts of $120,000 and $130,000 respectively. *See* Plaintiff's Amended Complaint (Doc. 16) at ¶¶ 13, 17; Defendants' Answer (Doc. 18) at ¶¶ 13, 17. St. Anselm offered an interest bonus of 5% if Plaintiff, as the Trustee, agreed to roll over the funds from two previous notes dated October 1, 2008 and October 3, 2008 into the October 1, 2009 and October 3, 2009 Promissory Notes. Doc. 16 at ¶¶ 14, 18; Doc. 18 at ¶¶ 14, 18. Plaintiff agreed to roll over the funds from the previous notes into the current notes. Doc. 16 at ¶¶ 15, 19; Doc. 18 at ¶¶ 15, 19. Wells and Palmer personally guaranteed payment of the Promissory Notes, along with interest and the reasonable costs of collection, including attorney fees. Doc. 16 at ¶¶ 16, 20; Doc. 18 at ¶¶ 16, 20.

St. Anselm failed to make payments in August and September of 2010. Doc. 16 at ¶ 22; Doc. 18 at 22. Defendants admit that St. Anselm breached the terms of both Promissory Notes. Doc. 16 at ¶ 25; Doc. 18 at ¶ 25. Defendants also admit that, in accordance with the terms of the Personal Guarantees of the Promissory Notes, Wells and Palmer are both personally and jointly and severally liable for prompt payment of any amounts due under the Promissory Notes,

including principal, interest, and the reasonable cost of collection, including attorney fees. Doc. 16 at ¶ 26; Doc. 18 at ¶ 26.

### III.     Legal Standards

#### A.     Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A "genuine" dispute exists where the evidence is such that a reasonable jury could resolve the issue either way. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248). The court must consider all the evidence in the light most favorable to the party opposing summary judgment. *See Trask v. Franco*, 446 F.3d 1036, 1043 (10th Cir. 2006).

The movant has the initial burden of showing that there is no genuine dispute of material fact. *Anderson,* 477 U.S. 242 at 247; *Reneker v. Offill*, 2012 WL 2158733, *21 (N.D. Tex. 2012) (party asserting it is an "accredited investor" bears the burden of proof before summary judgment is appropriate). The party opposing the motion may not rest on mere allegations or denials in the pleadings, but must set forth specific facts showing a genuine issue for trial. *Anderson* at 248; *Bormann v. Applied Vision Sys.*, *Inc.*, 800 F. Supp. 800, 813 (D. Minn. 1992) (plaintiff asserting not to be an "accredited investor" has burden on defendant's motion for summary judgment). Both the movant and the party opposing summary judgment are obligated to "cit[e] to *particular parts* of materials in the record" to support their factual positions. FED.R.CIV.P. 56(c)(1)(A) (emphasis added). Alternatively, parties may show that "the materials cited do not establish the

absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED.R.CIV.P. 56(c)(1)(B).  The court need consider only the cited materials, but it may consider other materials in the record.  FED.R.CIV.P. 56(c)(3).  In the event that a party fails to cite materials or otherwise properly address another party's assertion of fact, the court may consider the fact undisputed and, if the motion and supporting materials show that the movant is entitled to it, grant summary judgment.  FED.R.CIV.P. 56(e).

### B.  Leave to Amend

Leave to amend may be granted under Fed. R. Civ. P. 15(a) "by leave of court or by written consent of the adverse party" and "shall be freely given when justice so requires.  Refusal to allow amendment is "generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party or futility of amendment."  *Foman v. Davis* 371 U.S. 178, 182 (1962); *see also Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993).  Amendment of a complaint is futile "if the complaint, as amended, would be subject to dismissal."  *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).  Accordingly, a court may refuse to allow amendment if the proposed amended complaint fails to set forth sufficient facts to survive a motion to dismiss.  *Id*.

### III.  Analysis

As a preliminary matter, the Court notes that Defendants failed to address Plaintiff's Statement of Undisputed Material Facts in accordance with Rule 56.1(b) of the District of New Mexico Local Rules of Civil Procedure, which provides that a memorandum in opposition to the motion [for summary judgment] must number each fact in dispute and state the number of the

movant's fact that is disputed. D.N.M.LR-Civ. 56.1(b). Compliance with Rule 56.1(b) is more than a mere formality and this Court has repeatedly enforced the Rule. *See Hynes v. Dona Ana County Board of Commissioners*, No. CIV 05-1333 LFG/RLP (Oct. 12, 2006)(failure to comply with Local Rule 56.1(b) is more than a "mere technical violation," because the court relies on Rule 56.1(b) to determine if there are facts in dispute). Nonetheless, Plaintiff must demonstrate that there is no genuine dispute as to any material fact and that summary judgment is appropriate as a matter of law. *See* FED.R.CIV.P. 56(a).

### A. The Court Will Deny Plaintiff's Motion for Summary Judgment

It is undisputed that the Defendants breached the terms of the Notes. However, for purposes of summary judgment, Plaintiff must also show that there is no factual dispute regarding whether the Trust was an accredited investor in order to negate a potential rescission claim. Plaintiff contends that he has met this burden by demonstrating that his net worth was in excess of $5,000,000 when he signed the Subscription Agreements. Doc. 134 at 1. Defendants dispute this assertion, stating that Plaintiff's affidavit regarding his net worth during the relevant time is both self-serving and premised on inadmissible summaries. Doc. 144 at 7-8.

A summary, based on data which has not itself been introduced into evidence, is admissible under Rule 1006 of the Federal Rules of Evidence, if the proponent establishes that (1) the underlying documents upon which upon which the summary is based are admissible, and (2) the underlying documents were made available to the other party for inspection. *Hackett v. Housing Authority of City of San Antonio*, 750 F.2d 1308, 1312 (5th Cir. 1985); *see also United States v. Samaniego*, 187 F.3d 1222, 1223 (10th Cir. 1999)(summary must be based on admissible evidence or else parties could use it to avoid rules governing the admission of

evidence such as hearsay). Thus, it is the responsibility of the proponent of a summary to demonstrate that a summary is based upon admissible evidence. A summary based partly on admissible evidence and partly on inadmissible evidence is itself inadmissible. *Paddack v. Dave Christensen, Inc*., 745 F.2d 1254, 1259-1261 (9th Cir. 1984).

Plaintiff created "Statements of [his] Net Worth" for 2008 and 2009, which consist of summaries of his estimated net worth. Doc. 134, Ex. A-1 and A-2. Plaintiff has also submitted certain underlying documentation in support of his net worth summaries. However, as Defendants note, the documentation is often incomplete or absent. For example, Plaintiff alleges that he owned real estate worth $3,171, 400.00 in 2008 and worth $3,171,400.00 in 2009 but "has failed to provide title or mortgage documentation regarding the value and/or purchase price of the real property he claims to have owned at the time of the subject investment in 2008 or when the fund rolled over in 2009." Doc. 144 at 8. Plaintiff has also failed to address, much less establish, the admissibility of the underlying data upon which he relies, and the Court declines to peruse the underlying documentation to determine the admissibility of each document. As Defendants also note, there are inconsistencies in calculations between the net worth summaries and their revisions, calling into question the accuracy of the summaries.

Because of the lack of documentation supporting Plaintiff's net worth summaries and his failure to address the admissibility of the underlying documentation that he did produce, the Court finds his "Statements of Net Worth" to be inadmissible. *See Paddack v. Dave Christensen, Inc*., 745 F.2d 1254, 1259-1261 (9th Cir. 1984). Thus, although Plaintiff may testify about his valuation of his net worth during these time frames, he has not demonstrated the absence of a factual dispute regarding whether the Trust was an accredited investor at the time of the

transaction. *See True v. United States*, 894 F.2d 1197, 1209 (10th Cir. 1990)(where dispute over correct valuation of the plaintiff's assets existed, court properly denied directed verdict). Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment. *Pinnacle Commc'n Int'l. v. Am. Family Mortgage*, 417 F. Supp. 2d 1073, 1086-1087 (D. Minn. 2006) (whether buyers were "accredited investors" was not appropriate for summary judgment where the evidence was unclear). Because the Court did not consider Defendants' expert report in reaching its decision, the Court will also deny Plaintiff's Motion to Strike as moot.[2]

### B. The Court Will Grant the Defendant's Motion to Amend

Defendants seek leave to file an amended answer to include additional defenses related to Plaintiff's potential misrepresentation that the subscriber, the Trust, was an accredited investor. Doc. 97. Defendants also seek to add counterclaims for breach of warranty and misrepresentation (fraudulent and negligent). *Id*., Ex. 1 (Proposed Amended Answer and Counterclaims) at 14-17. Defendants state that they "seek no relief aside from the rescission of the contracts at issue based on Plaintiff's misrepresentations and breaches of warranty, and attorneys' fees and costs provided for under applicable law." *Id*. at 6. Plaintiff objects to the amendment on the basis that it was filed for an improper purpose,[3] and that amendment would be futile. Doc. 107 at 1. Plaintiff does not specifically object to the claim of breach of warranty other than asserting that he did not make a misrepresentation. Plaintiff asserts that it is undisputed that he was an accredited investor by virtue of his net worth, in excess of $1,000,000 at the time he signed the Subscription Agreements, thereby negating Defendants' allegations of misrepresentation. *Id*. at 2.

---

[2] The Court notes that Defendants have filed a motion to designate their expert witness and seek leave for limited additional discovery under Fed. R. Civ. P. 34(a)(2) so that its expert can supplement her report. Plaintiff may renew his request to strike the expert report, if appropriate, subsequent to the resolution of that motion.

[3] The Court declines to consider statements made during settlement discussions as evidence of an improper purpose, and does not find that Defendants filed the Motion to Amend in bad faith.

However, as the Court determined above, Plaintiff relies on inadmissible evidence to establish his net worth. Even if the Court were to accept the reasoning in the SEC No-Action letters, which it finds to be persuasive, Plaintiff has nonetheless failed to demonstrate that he possessed a net worth in excess of $1,000,000 at the time of the transaction.[4]

Plaintiff also contends that amendment is futile because it is undisputed that Defendants did not detrimentally rely on his alleged misrepresentation, a key element of their "putative" defense. *Id*. at 8. Defendants reply that "while Plaintiff attempted to include detrimental reliance as a material issue [in his supplemental brief], the substantive law that Plaintiff addressed concerned rescission of contracts under *Restatement (Second) of Contracts* § 164, which contains an element of justifiable reliance but not detrimental reliance." Doc. 112 at 8. Defendants add that because "[c]omment c to Section 164 specifically provides that 'the recipient of a misrepresentation need not show that he has actually been harmed by relying on it in order to avoid the contract,'" they did not need to address the detrimental reliance issue. *Id*. Defendants further state that they can establish detrimental reliance by virtue of being obligated to make payments to a person they should have not issued the Notes to in the first place. *Id*. at 8-9 (*citing Hot Springs Nat'l Bank v. Stoops*, 613 P.2d 710, 712-714 (N.M. 1980).

Plaintiff indeed relied on the elements set forth in the Restatement (Second) of Contracts § 164 when asserting that Defendants' affirmative defense of misrepresentation would not survive a

---

[4] Plaintiff claims that he has shown his net worth to be in excess of $1,000,000 based on three undisputed asset valuations: (1) his investment portfolio; (2) defense counsel's statement in a brief regarding the market value of his real property; and (3) the $250,000 that he loaned to St. Anselm. However, Defendants have objected to the admissibility of Plaintiff's net worth summaries and supporting documentation, or lack thereof. *See* Doc. 98 at 8-14; Doc. 112 at 3. Defendants also challenge Plaintiff's characterization of their counsel's argument in a brief as an undisputed fact. *Id.* at 3-4. Lastly, as Defendants note, Plaintiff has not established that his $250,000 loan to St. Anselm constitutes an amount separate from the sum identified in his investment portfolio. Thus, Plaintiff's reliance on these assets to demonstrate that his net worth exceeded $1,000,000 is misplaced.

12(b)(6) motion to dismiss. Doc. 92 at 18. Under Restatement (Second) of Contracts § 164, comment a, a party must show that: (1) a misrepresentation has been made that was either fraudulent or material; (2) which induced the recipient to make the contract; (3) and the recipient was justified in relying on the misrepresentation. Because both parties refer to the elements set forth in the Restatement when addressing futility questions, they have waived the application of either Colorado or New Mexico law as the governing law, at the very least, for purposes of the Motion to Amend.[5] Accordingly, the Court need not address the issue of detrimental reliance at this time.

Although not addressed in his response to the Motion to Amend, Plaintiff challenges Defendants' ability to demonstrate that their reliance was justifiable. *See* Doc. 92 at 19. Specifically, Plaintiff points out that St. Anselm admitted in discovery that it never refused to permit an investor from investing based on the answers and responses to the purchaser questionnaire or subscription agreement. *Id*. at 7 (citing Doc. 87-1 at 6). St. Anselm also produced a number of subscription agreements identifying the Trust as an accredited investor by virtue of its net worth in excess of $1,000,000. *Id*. at 7-8. Certainly these facts call into question whether or not Defendants justifiably relied on Plaintiff's representations made in the

---

[5] Diversity courts must apply the choice-of-law rules of the forum state to determine the law that applies. *Klaxon Co. v. Stentor Electric Mfg*., 313 U.S. 487 (1941). However, "[p]arties can within broad limits stipulate the substantive law to be applied to their dispute." *See Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 531 (7th Cir. 1985) (court deemed the parties to have stipulated to the law governing the dispute by failing to object to the district court's application of the substantive law of Illinois.); *In re Maxcy*, 45 B.R. 268, 270 (D. Mass. 1985) ("Although this agreement specifically provides that New Hampshire law applies to the contract, the parties waived any right to assert that New Hampshire law applies because both claimant and the objecting party in their oral arguments and briefs argued under Massachusetts law."); *Leasecomm. Corp. v. Datalink Resources Corp*., 2002 WL 31010989, *4 (N.Y. City Civ. Ct. 2002) (unpublished opinion), *reversed on other grounds* ("[D]espite a contractual designation of a foreign state's law, parties can waive such a choice of law provision, even by conduct, such as their litigation attorneys choice to brief legal issues under New York law.").

Subscription Agreements; however, the Court cannot say that Defendants have failed to set forth sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the Court will grant Defendants' Motion to Amend.

WHEREFORE,

**IT IS ORDERED THAT:**

*Plaintiff's Supplemental Brief in Support of Motion for Summary Judgment* (Doc. 92) and *Plaintiff's Second Supplemental Brief in Support of Motion for Summary Judgment* (Doc. 134) are **DENIED**; *Defendant's Motion for Leave to File Amended Answer* (Doc. 97) is **GRANTED**; and *Plaintiff's Motion to Strike Unsupported Valuation of Real Property by Defense Counsel and to Strike Expert Report* (Doc. 116) is **DENIED** as moot.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
    Richard H. Cravens, IV
    Eaton Law Office PC
    Albuquerque, NM

Attorneys for Defendant:
    Josh A. Harris
    Beall & Biehler
    Albuquerque, NM

    Burkeley N. Riggs
    Moye White LLP
    Denver, CO