IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMIE W. DAVIS, individually and
as TRUSTEE of the JIMMIE W. DAVIS
REVOCABLE TRUST,

    Plaintiff,

vs.                                                                            Civ. No. 10-883 KG/WPL

ST. ANSELM EXPLORATION CO.,
a Colorado corporation; ANNA M. R.
WELLS; and MARK S. PALMER,

    Defendants.

## ORDER RULING ON MOTIONS IN LIMINE

On September 24, 2014, the Court held a Final Pretrial Conference and hearing on the following motions in limine:

    1.  Defendants' Motion in Limine Re:  Testimony of Floyd W. DeGrodt (Doc. 189), filed September 9, 2014;

    2.  Defendants' Motion in Limine Re:  Failure to Produce Complete Requested Evidence and Documents Relating to Plaintiff's Net Worth (Doc. 190), filed September 9, 2014;

    3.  Plaintiff's Motion in Limine Re:  Testimony of Thomas D. Birge (Doc. 191), filed September 9, 2014;

    4.  Plaintiff's Motion in Limine to Establish Admitted Facts (Doc. 192), filed September 9, 2014; and

    5.  Plaintiff's Motion to Exclude Condition Precedent (Doc. 193), filed September 9, 2014.

Responses were filed on September 22, 2014.  (Docs. 202, 203, 205, 211, and 212).  Richard Cravens represented Plaintiff at that hearing, and Eric Liebman and Josh Harris represented Defendants.

For the reasons stated on the record at the September 24, 2014, hearing, the Court determines the following:

1. the Court grants, in part, Defendants' Motion in Limine Re:  Testimony of Floyd W. DeGrodt in that Mr. DeGrodt cannot testify as an expert or fact witness, but he may testify solely for impeachment purposes;

2. the Court defers ruling on Defendants' Motion in Limine Re:  Failure to Produce Complete Requested Evidence and Documents Relating to Plaintiff's Net Worth until trial, but Plaintiff must, prior to trial, identify, in writing, to both the Court and Defendants which records in Ex. C (Doc. 190-3) have been produced to Defendants and which records have not been produced;

3. Plaintiff withdraws Plaintiff's Motion in Limine Re:  Testimony of Thomas D. Birge in that Plaintiff agrees that Mr. Birge can testify as a fact witness but cannot testify as an expert witness;

4. the Court grants Defendants' request for an award of attorneys' fees and costs based on (1) Plaintiff's failure to comply with D.N.M. LR-Cv 7.1(a) when he filed Plaintiff's Motion in Limine Re:  Testimony of Thomas D. Birge, and (2) the fact that Plaintiff's Motion in Limine Re:  Testimony of Thomas D. Birge is frivolous;

5. Defendants must file an affidavit by October 1, 2014, documenting the attorneys' fees and costs they incurred in responding to Plaintiff's Motion in Limine Re:  Testimony of Thomas D. Birge; and

      6. the Court denies Plaintiff's Motion in Limine to Establish Admitted Facts.

    At the end of the September 24, 2014, hearing, the Court took Plaintiff's Motion to Exclude Condition Precedent under advisement. Having considered the motion, the response, and the argument of counsel at the September 24, 2014, hearing, the Court denies Plaintiff's Motion to Exclude Condition Precedent. First, Fed. R. Civ. P. 9(c)[1] does not require a defendant to specifically deny that a plaintiff met a condition precedent if the plaintiff did not plead that he has generally met a condition precedent. *See, e.g., Walton v. Nalco Chem. Co.*, 272 F.3d 13, 22 n. 14 (1st Cir. 2001) ("where a plaintiff utterly fails to plead a general averment, the defendant need not assert 'failure of performance' as an affirmative defense in order to preserve the issue, but instead may raise the issue for the first time at trial."). Here, Plaintiff did not plead that a condition precedent was met and, in fact, Plaintiff explicitly argued at the September 24, 2014, hearing that there is no condition precedent. *See* Amended Complaint for Debt and Money (Doc. 16). Defendants are, therefore, excused from pleading denial of a performance of a condition precedent with particularity.

    Second, Plaintiff has not convinced the Court that he did not have particularized notice of a denial of performance of a condition precedent throughout this litigation. The language in the Offering Documents and the arguments made by Defendants in this lawsuit show that a denial of performance of a condition precedent is central to this lawsuit. *See, e.g., Associated Mech. Contractors, Inc. v. Martin K. Eby Constr. Co., Inc.*, 271 F.3d 1309, 1317 (11th Cir. 2001) (defendant not restricted to answer to raise specific denial of performance of conditions precedent). Moreover, Defendants make allegations in their Amended Answer which raise the

---

[1] Rule 9(c) states: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity."

denial of performance of a condition precedent with sufficient particularity.  For instance, Defendants allege that Plaintiff's lack of accreditation "relieved Defendants of their duty to perform pursuant to the promissory notes and personal guarantees."  (Doc. 164) at 10.  Defendants also allege that "Plaintiff induced St. Anselm to execute the promissory note, and Plaintiff induced Ms. Wells and Mr. Palmer to execute the personal guaranty, by misrepresenting to Defendants in the corresponding purchaser questionnaire and subscription agreement that the Jimmie W. Davis Revocable Trust was an accredited investor with more than $5,000,000 in assets…."  *Id.* at ¶¶ 16, 17, 18, and 20.  Although these allegations do not specifically mention a denial of performance of a condition precedent, courts have "excused technical noncompliance with pleading requirements where the substance of the pleading is sufficient."  *See Meyers v. Central Fla. Investors, Inc.*, 592 F.3d 1201, 1225 (11th Cir. 2010).  For all of the above reasons, the Court denies Plaintiff's Motion to Exclude Condition Precedent.

    IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE