**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JIMMIE W. DAVIS, individually,
and as TRUSTEE of the JIMMIE W. DAVIS
REVOCABLE TRUST,

Plaintiff,

v. No. 10-CV-883 KG/WPL

ST. ANSELM EXPLORATION CO.,
a Colorado corporation, ANNA M.R.
WELLS, and MARK PALMER,

Defendants.

**ORDER GRANTING MOTION APPEALING CLERK'S ORDER SETTLING COSTS**

This matter is before the Court on a March 3, 2016, Motion Appealing Clerk's Order Settling Costs filed by Plaintiff Jimmie W. Davis, individually and as trustee of the Jimmie W. Davis Revocable Trust ("Davis"). (Doc. 254). Defendants St. Anselm Exploration Company, Anna M.R. Wells, and Mark S. Palmer did not file a response.

Defendants filed a Motion to Tax Costs on November 6, 2015, (Doc. 241) to which Davis did not file a response. Also on November 6, 2015, Davis filed a Notice of Appeal of the case to the Tenth Circuit. (Doc. 240). On December 2, 2015, the Court referred the Motion to Tax Costs to the Clerk of Court, pointing out that a "prevailing party . . . should first direct its bill of costs to the Clerk of the Court." (Doc. 244) at 1. On February 25, 2016, the Clerk granted the Motion to Tax Costs based on Davis's failure to respond to the motion. (Doc. 253); D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

Davis moves the Court to overturn the Clerk's award of costs or, in the alternative, to stay the award of costs until the appeal of the case before the Tenth Circuit is concluded. First, Davis argues that the Court should deny the award of costs because Defendants' Motion Appealing Clerk's Order Settling Costs was inappropriately filed. Second, Davis maintains that an award of costs constitutes a windfall for Defendants, who failed to repay Davis $250,000 in principal and twenty percent interest on that amount.

The Court notes first that Defendants' failure to respond to the Motion Appealing Clerk's Order Settling Costs constitutes consent to grant it. However, the Court will also assess the merits of the motion. As a preliminary matter, it was not inappropriate for Defendants to file for costs, only that the docket required clarification as to whom the request was directed. The Court's order of referral addressed any confusion as to who would initially assess the request for costs.

Federal Rule of Civil Procedure 54(d)(1) states, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." That is, Rule 54(d)(1) creates a presumption that the prevailing party will receive costs. *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995). "In conducting a review of costs taxed by the clerk, the court makes a *de novo* determination in the exercise of its sound discretion." *Rowlinson v. Traders Ins. Co.*, No. CIV. A. 92-4249-DES, 1994 WL 116364, at *1 (D. Kan. Mar. 29, 1994) (unpublished) (citing *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 232-33 (1964), *disapproved in part on other grounds*; *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Frigiquip Corp. v. Parker-Hannifin Corp.*, 75 F.R.D. 605, 613 (W.D. Okla. 1976)). A district court "must provide a valid reason for not awarding costs to a prevailing party." *Cantrell*, 69 F.3d at 459. Significantly, "the denial of

costs is in the nature of a penalty." *Serna v. Manzano*, 616 F.2d 1165, 1167 (10th Cir. 1980). Further, there are situations in which awarding costs to the prevailing party may be inequitable. *A.D. v. Deere & Co.*, 229 F.R.D. 189, 192 (D.N.M. 2004).

The Tenth Circuit has noted instances in which a district court may properly deny costs to the prevailing party, including where the party was only partially successful, the party was obstructive or acted in bad faith, the damages were only nominal, the nonprevailing party was indigent, the costs were unreasonably high or unnecessary, or the issues were "close and difficult." *Cantrell*, 69 F.3d at 459 (citing *White & White, Inc. v. Am. Hosp. Supply Co.*, 786 F.2d 728, 730 (6th Cir. 1986)). Inappropriate factors include, for example, the size of the prevailing party's recovery and the ability of the prevailing party to pay his or her costs. *White & White*, 786 F.2d at 730. A losing party's good faith in filing or prosecuting an action is not a sufficient basis on its own to deny costs; yet consideration of good faith, unnecessary costs, and difficulty of the case is sufficient for a discretionary denial of costs. *Id.* at 730, 733. The Tenth Circuit has overturned a denial of costs to the plaintiff as an abuse of discretion in a breach of contract case in which the plaintiff won and "[d]efendants' own actions brought about the litigation." *Klein v. Grynberg*, 44 F.3d 1497, 1506-07 (10th Cir. 1995).

This Court determined that Defendants are not liable to Davis for breach of contract. In doing so, this Court found that Davis failed to show that he met the condition precedent of being an accredited investor at the time he purchased promissory notes from Defendants in 2008 and 2009. The Court noted that Defendants still accepted $250,000 from Davis and failed to pay it back. For those and other reasons, this was a close and difficult case. Indeed, this Court ordered supplemental briefing on the issues of judicial estoppel, waiver, quasi-contract, and damages, reflecting the closeness and difficulty of the case. In particular, safeguarding regulations

effective in 2013 which would have required Defendants to verify Davis's accredited investor status to avoid situations such as this further highlight the closeness of the case. (*See* Doc. 238) at 17-18. This issue, among others, required extensive briefing. Had Defendants simply repaid the promissory notes and interest, the present lawsuit would have been unnecessary. While unsuccessful, Davis appears to have brought the case in good faith, and the closeness and difficulty of the action show that Davis's claims were not frivolous. An award of costs to Defendants under these circumstances would be inequitable. On these grounds, the Court will exercise its discretion and grant the motion and deny costs to Defendants.

IT IS HEREBY ORDERED that Davis's Motion Appealing Clerk's Order Settling Costs is GRANTED.

UNITED STATES DISTRICT JUDGE